In the Matter of the Claim of A. R. HERNANDEZ for Funeral Expenses, and of FRANCES BERMUDEZ, Respondents, v. THE FRANCISKAY CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Deceased, a porter, was crushed by the counterweights in an elevator shaft. It was a question of fact whether he had abandoned his employment. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of HATTIE SMITH LAFORTY, Alleged Widow of WILLIAM LAFORTY, Deceased, Respondent, v. SPELLMAN-OLIVER COMPANY, Appellant, and STATE INSURANCE FUND. STATE INDUSTRIAL BOARD, Respondent. — Decedent employee was night watchman guarding a road under construction. He had a pre-existing heart condition. In directing traffic he ran for a considerable distance and immediately thereafter collapsed and died from cerebral hemorrhage. Appellant claims that this does not constitute an accident. Appellant also raised question that the claimant here was not the widow. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of NICOLA NICOLIA, Respondent, v. F. B. LEOPOLD COMPANY and HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim of NICK NICOLA, Respondent, v. MIDDLEPORT COLD STORAGE COMPANY and LONDON GUARANTEE AND ACCIDENT COMPANY, LTD., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant suffered a sacroiliac and a spine injury in 1920 while working for the storage company. Compensation was paid for three years. Claimant thereafter did heavy work for fifteen months. In 1925 he suffered a second injury to his back, in the employ of the Leopold Company. Compensation was paid for one and one-half years until 1927, when the case was closed. The second case was reopened, and an award made from which this appeal is taken. Appellant contends that there is no evidence that the present disability is due to the second accident, and that the award should have been made against the first employer, or prorated between both employers; and also that the amount of the award is illegal. There is evidence to support the finding that the present condition is due to the second injury. Section 15, subdivision 2, of the Workmen's Compensation Law has no application. The Board has reclassified and finds permanent partial disability under paragraph v, subdivision 3 of section 15, under which compensation is payable during the continuance of the partial disability. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.